UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

RICHARD MICHAEL SIERADZKI,

        Plaintiff,        Case No. 1:15-cv-1340

v.        Honorable Paul L. Maloney

COUNTY OF MUSKEGON et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant City of Muskegon. The Court will serve the complaint against Defendants County of Muskegon, Griswald, and Lane.

**Discussion**

I. Factual allegations

Plaintiff Richard Michael Sieradzki presently is incarcerated at the Marquette Branch Prison, though the action about which he complains occurred at the Muskegon County Jail. Plaintiff sues the County of Muskegon, the City of Muskegon, and the following employees of the Muskegon County Sheriff Department: Sergeant (unknown) Griswald and Deputy Jamal Lane.

Plaintiff alleges that, on September 20, 2014, he was booked into the Muskegon County Jail on charges of indecent exposure, accosting a minor for immoral purposes, and being a sexually delinquent person. While patting Plaintiff down before taking him to the cell block, Defendant Jamal Lane, an African American man, "repeatedly and forcefully rammed his fist into plaintiff's testicles." (Compl., ECF No. 1, PageID.7.) Plaintiff is white. When Plaintiff moved away from Lane, Lane asked, "[W]hat you got something to hide[?]" (*Id.*) Plaintiff responded that he did not like being hit in the testicles. Defendant Lane then replied, "I got some place for your ass." (*Id.*) Lane placed Plaintiff in cell 38, a 12-man cell in general population that was at the time the most violent cell in the jail. Sex offenders ordinarily were segregated to certain four-man cells for their protection from the general population. Plaintiff alleges that Lane knew or should have known that placing Plaintiff in cell 38 would subject him to extreme risk. That night, Plaintiff was assaulted by multiple cellmates, resulting in injuries so severe that Plaintiff had to be transported to Hackley Hospital. Plaintiff received a concussion, head lacerations requiring ten staples, bruises all over his head and body, and perforations of his lower lip caused by his teeth. Plaintiff contends that Lane both used excessive force against him and was deliberately indifferent to the risk of his being assaulted by other prisoners.

Plaintiff contends that older, white prisoners routinely were placed in dangerous cells, where they were subsequently injured. Defendant Griswald was on duty on September 20, 2014, and Plaintiff alleges that Griswald was aware of the risks of placing Plaintiff in cell 38 on that night, which he supports with a statement made by Inmate James Eller, Jr. that is referenced in and attached to the complaint. Eller states that he asked Griswald why the officers let older white guys get "jumped," and Griswald responded that they "should toughen up and learn to fight." (*Id.*, PageID.8.) Eller also states that he himself was brutally beaten at the jail, receiving cracked ribs and a concussion, for which he was taken to the emergency room. One of the head nurses at the hospital told Eller's sister that, every week, seven to ten prisoners were treated in the hospital emergency room, 90 percent of whom were white males. During the week of September 19-20, 2014, Eller was being held in the medical tank as a result of his injuries. During that time, ten people were booked, including two elderly white males, one elderly black male, and seven younger black males. While the black men were put in the annex, the two older white men were placed in the blocks, where they were likely to be assaulted. Eller and the other men in the medical tank tried to warn new prisoners, including Plaintiff, about the dangers, but Plaintiff apparently did not hear Eller. Eller told Griswald and Lane that they were wrong to let the white men be attacked. Less than two hours later, Plaintiff was taken out on a stretcher, unconscious, to be transported to the emergency room.

Plaintiff also alleges that Muskegon County has not adequately trained its employees and that it is responsible for the custom of placing white, elderly prisoners in situations in which they are likely to be attacked. Plaintiff also alleges that the City of Muskegon is liable for attacks that occur within the jail, which is located within the city limits. He asserts that Defendants violated his rights under the Eighth Amendment. He seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*,

102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff sues both the City of Muskegon and the County of Muskegon. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe County*, 520 U.S. 781, 784-85 (1997).

The Muskegon County Jail is a facility operated by the County of Muskegon, under the authority of the Muskegon County Sheriff. *See* MICH. COMP. LAWS §§ 51.70, 51.75. Plaintiff wholly fails to allege facts that would suggest that the City of Muskegon is responsible for the conduct of county officials or the operation of county facilities. Moreover, to the extent that he intends to allege that the City of Muskegon should have prosecuted Defendant officers for their conduct, he fails to state a claim. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Simply put, Plaintiff cannot compel a criminal prosecution

of Defendants because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).

Because Plaintiff fails to allege facts that would support an action against the City of Muskegon, the Court will dismiss the City of Muskegon as a Defendant. The Court concludes, however, that Plaintiff's allegations against the County of Muskegon, Griswald and Lane are sufficient to warrant service of the complaint.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant City of Muskegon will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants County of Muskegon, Griswald and Lane.

An Order consistent with this Opinion will be entered.

Dated:  February 4, 2016             /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      United States District Judge