UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD MICHAEL SIERADZKI, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:15-CV-1340 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| COUNTY OF MUSKEGON, ET AL., | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Plaintiff's August 31, 2018 motion for relief from the judgment (ECF No. 37). The Court entered judgment in this matter on February 22, 2018, after adopting the Report and Recommendation of the Magistrate Judge without objection. By adopting the R & R, the Court concluded that summary judgment was warranted because Plaintiff had failed to properly exhaust his administrative remedies. It should also be noted that Plaintiff elected not to file any response to Defendants' motion for summary judgment, although he did file several motions for the appointment of counsel, which were denied.

Now, Plaintiff asserts that "he did not know of any grievance procedure" and was not "given any Rule Information, or literature concerning the rules of the Jail . . . ." He further argues that he was not obligated to comply with exhaustion under the Prison Litigation Reform Act because the events alleged in his complaint occurred before he became a pretrial detainee—that is, before he was brought to a judicial officer for arraignment.

Plaintiff does not assert any particular subsection of Rule 60 as grounds entitling him to relief. And the Court may only grant such a motion upon a showing of one of the following:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003).

Upon thorough consideration of the grounds presented, the Court does not find that Plaintiff has presented an argument which would warrant granting his motion for relief under Rule 60.

Under Rule 60(b)(1), the Court has authority to set aside a judgment upon mistake, inadvertence, surprise, or excusable neglect. Courts consider three factors in determining whether relief is appropriate Rule 60(b)(1) for excusable neglect: "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick v. Mineta*, 675 F.3d

2

622, 628 (6th Cir. 2012)(citations and internal quotation marks omitted). "A party seeking relief must first demonstrate lack of culpability before the court examines the other two factors." *Id.* at 628-29. In view of these factors, the Court does not find that Plaintiff has demonstrated excusable neglect—it was his decision not to raise these grounds in a response to the Defendants' motion for summary judgment *or* in an objection to the Report and Recommendation. While certainly Plaintiff has established neglect, he has not established *excusable* neglect.

Plaintiff could also conceivably be seeking relief under Rule 60(b)(2), as he has filed an affidavit in support of his motion. However, nothing included within the motion or affidavit would constitute "newly discovered evidence" nor is there any indication that such evidence could not have been discovered before judgment entered. Finally, the Court finds nothing in the motion that would implicate the other subsections of Rule 60(b). Accordingly, the motion is **DENIED.**

    IT IS SO ORDERED.

Date: October 19, 2018                              /s/ Paul L. Maloney
                                                                              Paul L. Maloney
                                                                              United States District Judge